```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF UTAH
_____

TRAVIS BEN MARTIN,               )   ORDER DENYING MOTION &
                                 )   MEMORANDUM DECISION
          Plaintiff,             )
                                 )   Case No. 2:11-CV-335 TC
    v.                           )
                                 )   District Judge Tena Campbell
OFFICER JONATHON LAMPSHIRE,      )
                                 )
          Defendant.             )
_____
```

Plaintiff, Travis Ben Martin, filed a *pro se* prisoner civil rights complaint.[1]  Plaintiff now moves a second and third time for appointed counsel.

The Court reiterates that Plaintiff has no constitutional right to counsel.[2]  However, the Court may in its discretion appoint counsel for indigent inmates.[3]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

complexity of the legal issues raised by the claims.'"[5] Considering the above factors, the Court again concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motions for appointed counsel.

IT IS HEREBY ORDERED that Plaintiff's motions for appointed counsel are DENIED[6]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

IT IS FURTHER ORDERED that the Clerk's office shall accept no more motions for appointed counsel from Plaintiff.

DATED this 5th day of July, 2012.

BY THE COURT:

_____
JUDGE TENA CAMPBELL
United States District Court

---

[5]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[6](*See* Docket Entry #s 23 & 27.)